## Willard F. Capen and another v. Sidney F. Stevens and another.

*Covenants: Representations: Plats.* Whether in an action upon covenants in a deed of lands, it is competent to treat the representations of a plat in reference to, and upon the faith of which the purchase was made, as equivalent to an express covenant that the lots conveyed were of the length, and the street on which they fronted of the width, on such plat represented:—*Quære ?*

*Declaration: Separate counts: Finding of facts: Covenants.* In such an action, where the length of the lots, and the width of the street on which they front, together amount to one hundred and sixty-six feet, and the covenant, for a breach of which a remedy is sought, is an alleged representation, by plat and otherwise, that the street was sixty-six feet wide and the lots one hundred and sixteen feet deep, under a declaration containing two counts, one of which, conceding the street to be of the width represented, alleges as a breach, only that the lots are deficient sixteen feet in length, and the other, conceding the lots to be of the length represented, alleges as a breach, only that the street is deficient sixteen feet in width, a recovery cannot be had under both counts; for the cause of action set out in one constitutes a perfect defense to that alleged in the other, and *vice versa*.

And the facts found upon a trial by the court without a jury in such a case, to warrant a recovery, must sustain one or the other count, without any support from the other, precisely as upon a declaration of a single count, and must be such as to enable the court clearly to determine which count they do support; and they must show, not merely a deficiency in one or the other, the lots or the street, but also in which of the two the deficiency in fact existed.

*Finding of facts: Judgment.* The finding of facts in this case, even if it establishes the fact of deficiency at all, fails in any manner to show in which, the lots or the street, the deficiency is; and the judgment, therefore, for the defendants, cannot be held erroneous.

*Heard May 7 and 8.     Decided July 14.*

Case made from Kent Circuit.

*Joslin & Kennedy,* for plaintiffs.

*Norris, Blair & Kingsley,* for defendants.

CHRISTIANCY, J.

This was an action of assumpsit, which by statute (*Comp. L.,* § *6194*), is authorized in lieu of covenant, brought in the circuit court for the county of Kent, upon a deed executed by the defendant to the plaintiffs, June 25th, 1873, purporting to convey "lots number one (1), two (2), three

(3), four (4), five (5), six (6) and seven (7) of Stevens and Pierce's subdivision of lots six, seven, eight, nine, ten and eleven of Barclay's addition to the city of Grand Rapids, Michigan," and containing covenants of seizin, against incumbrances, and of warranty.

The declaration contains two counts; the first sets forth that "prior to the execution of the deed, the defendants, to induce plaintiffs to purchase the several lots, stated and represented to plaintiffs that said lots were each one hundred and sixteen feet in length, and that all of them were bounded and fronted by a certain public street called Hollister street, and that said street was sixty-six feet in width; that defendants at the same time produced and exhibited to plaintiffs a plat of said lots and of said street, showing the dimensions of the lots and street as aforesaid, which plat was entitled and designated as 'A plat of Stevens and Pierce's subdivision of lots six, seven, eight, nine, ten and eleven of Barclay's addition to the city of Grand Rapids, Kent county, Michigan,' and purported to have been recorded according to law, April 28th, 1873; that defendants stated, represented and promised plaintiffs that said plat was a correct representation of the dimensions of said lots and said street; that plaintiffs examined the record of said plat prior to the purchase, and found it to be the same as the plat so exhibited to them by defendants; that upon examining the records in the office of the register of deeds, they ascertained that said plat had been duly recorded, and that said street had been duly dedicated by defendants, as a public street, sixty-six feet wide, according to law; and that, relying upon said representation and promises of defendants, and the said plat, they made the purchase," etc.

The breach alleged in this count is substantially this: that defendants have not kept and fulfilled the covenants in their deed, but have broken certain of said covenants, in this, to-wit: that they have not conveyed the whole of the land which, by the terms of said deed, they assumed,

pretended and covenanted to convey; and plaintiffs aver that, neither at that time nor since, did the defendants own or possess the whole quantity of the land in said deed described; . that said street, being sixty-six feet wide, in the direction of the length of the lots (the ends of which abutted upon the street), left said lots but one hundred feet each in length, instead of one hundred and sixteen feet, as represented by defendants and by said plat, and covenanted by the defendants, and that this was all the land the defendants owned in, around or near said lots at the time the deed was executed, or since; that there is, therefore, a deficiency of sixteen feet in the length of each of said lots, etc.; and claims damages for the deficiency in the lots.

The second count, apparently admitting that the lots were one hundred and sixteen feet in length, and of the full size shown by the plat and representations of the defendants, after alleging substantially all the other preliminary matters contained in the first count, assigns as a breach, that Hollister street, which by said plat and representations was declared to be sixty-six feet wide, is in fact but fifty feet wide; that on this account, and for this reason, said lots are of much less value than if said street, upon which they front, had been of the greater width represented by the defendants and the plat, etc.; and claims damages on this ground.

The whole theory upon which the plaintiffs sought to recover, as shown by their declaration, their course of proceeding upon the trial, and the argument here, seems to be this: that, if the street is in fact only fifty feet wide, then the lots are of the size represented by the defendants and their plat; but, if the street is in fact sixty-six feet wide, according to said plat, representations and covenants, then there is the deficiency of sixteen feet in the length of the lots; that the enlargement of the lots to the length required (by the plat and representations), narrows the street sixteen feet below its required width, and breaks the covenant as to the street, and the enlargement of the street to the

required width, breaks the covenant as to the length of the lots. If this theory be correct, and supported by the facts, the case presents this singular phenomenon in pleading: that what constitutes a cause of action under either one of the counts, constitutes a perfect defense under the other; and a perfect defense under either, constitutes a good cause of action under the other; the facts which sustain either, defeat the other, and the facts which defeat the one, sustain the other.

A defense to such a declaration would, upon this theory, seem to be somewhat embarrassing to the defendants; but we shall not stop to inquire whether these two counts were not so utterly inconsistent, and so calculated to embarrass the defense, that the plaintiffs, on motion of the defendants, might have been put to their election, upon which count they would stand. No such motion was made. The case was tried before the court without a jury. The judge made a special finding of the facts, or rather of parts of facts (for it is mostly a mere statement of evidence), and thereupon rendered judgment for the defendants; to which the plaintiffs excepted, on the sole ground, that, upon the facts found, the judgment should have been for the plaintiffs.

Before proceeding to consider the facts found, and the legal conclusions properly resulting from them, it is proper to say, that, upon their own theory of the case, the plaintiffs could not possibly succeed upon both counts, which were so utterly contradictory that the success upon one involved defeat upon the other. The facts found, therefore, must warrant a recovery exclusively upon one of the counts, without any support from the other, in the same manner as if the declaration had contained but the single count (which is the rule in all cases of several counts), and the facts found must be such as to enable us to see which of the two counts they sustain; if they failed to do this, it was, of course, impossible for the circuit court, and must be equally impossible for us, to say that it sustains the cause of action set forth in either.

And allowing that the plaintiffs' theory of the action is correct, in treating the representations of the plat in reference to, and upon the faith of which, they purchased, to be equivalent to an express covenant that the lots were of the length, and the street of the width thereby represented, still, upon their own theory, if the street was in fact ·not so wide as represented, by sixteen feet, then the lots were of the length represented ; and if the lots were in fact sixteen feet less than represented, then the street was of the full width represented by the plat; and from this it seems inevitably to result, that, to sustain either count, it was necessary for the plaintiffs to show, not merely, *first,* that there was in fact a deficiency in one or the other, the lots or the street; but, also, *second,* in *which of the two* the deficiency in fact existed. If the facts found fall short of establishing the second proposition, however clearly they may show the first alternative proposition, they must fail to support either count, and the judgment of the circuit court was correct.

Now, upon a careful examination of the facts found, if they can be said even to establish inferentially the first proposition, that there was a deficiency in one or the other (and it is doubtful if they show even this), they certainly fail to establish the second proposition, viz.: to show in which the deficiency existed, whether in the street or the lots. All that appears in the finding bearing in any manner upon this question is, that, by the plat shown plaintiffs by the defendants, and the record of that plat in evidence, the street was represented as sixty-six feet wide, and the lots as one hundred and sixteen feet long; that the plat of Barclay's addition, of lots six to eleven, inclusive, of which the first named plat of Stevens and Pierce purported to be a subdivision, was recorded the year previous; and represented lots six to eleven, inclusive (from which lots one to seven of the Pierce and Stevens' plat were formed), as one hundred and sixteen feet long, and the street as fifty feet wide; but the finding fails to show in any manner

which, or whether either, was correct or erroneous, either as to the length of the lots or the width of the street; and if, by a liberal construction, it can be said to show, or rather tend to show, that there was a deficiency in one or the other, it utterly fails to show which was deficient.

This will sufficiently appear by reference to the finding, the whole of which, so far as it relates to this point, is here inserted in a note to which we refer.*

* "The following named plats and deed were introduced in evidence, viz: The deed executed by said defendants to the plaintiffs, July 5th, 1873, and set forth in the plaintiffs' declaration herein; the copy of the plat of defendant's subdivision, exhibited to plaintiffs, hereinbefore referred to; and the original plat of said defendants' subdivision, recorded in the office of the register of deeds for said county, on the 28th day of April, 1873.

"The following diagram represents said recorded plat, and all the lines, letters and figures thereof:

A PLAT

OF

STEVENS & PIERCE'S

SUBDIVISION OF LOTS,

No. 6, 7, 8, 9, 10 and 11 of Barclay's

Addition to the city of

GRAND RAPIDS,

KENT COUNTY,

MICH.

*Platted by W. L. Coffinbury, C. E.*

BUCKEYE STREET.    66

It is true the finding says "there was some testimony given by S. F. Stevens, one of the defendants, as set forth in 'exhibit A.' hereto attached," and on reference to this exhibit, it appears that this testimony had some tendency to show that there was an error in the Stevens and Pierce plat, in stating the width of the street as sixty-six feet, when it should have been given as fifty feet; and, therefore, that the deficiency was in the width of the street, as

---

" ' STATE OF MICHIGAN, } ss.
Kent County Register's Office, }

" ' This plat and accompanying dedication were received for record April 28th, 1873, at 9 o'clock A. M., and recorded in Book 3 of Plats, on page 19.

SIMEON HUNT, Register.

" ' The accompanying plat of Stevens & Pierce's subdivision of lots 6, 7, 8, 9, 10 and 11 of Barclay's addition to the city of Grand Rapids, in the State of Michigan, is laid out and platted so as to make seven lots on the west side of Hollister street and fronting on the street. The size of the lots is marked on their sides and ends, with figures representing their size in feet, and are numbered from 1 to 7, inclusive. The number of the lots is marked with figures in the center of each lot.

" ' This plat and dedication are designed for record, to be known and recorded as Stevens & Pierce's subdivision.

" ' Witness our hands and seals this 26th day of April, 1873.

SIDNEY F. STEVENS. [Seal.]
HARRY H. PIERCE. [Seal.]
W. L. COFFINBURY. [Seal.]

" 'STATE OF MICHIGAN, } ss.
County of Kent, }

" ' On the 26th day of April, 1873, before me, a notary public for said county, personally came the above named S. F. Stevens, Harry H. Pierce and W. L. Coffinbury, known to me to be the persons who executed the foregoing instrument, and acknowledged the same to be their free act and deed.

WILDER D. STEVENS,
Notary Public, Kent Co., Mich.'

" The counsel for defendants objected to the introduction in evidence of the last named recorded plat for the purpose of showing the dimensions or extent of the lots or the width of the street, on the ground that the same was immaterial and irrelevant; that the same was not referred to by the deed; and also for that said plat was not made, executed and recorded according to the statute in relation to town plats, which objection was then and there overruled by the court.

" To which ruling the defendants did then and there except.

" The plaintiffs then introduced in evidence the said recorded plat of Barclay's addition to the city of Grand Rapids.

claimed in the second count. But there is no finding upon this evidence, at least no finding of the fact which it tended to prove; nor does any exception appear to have been taken which raises any question upon it. We are therefore confined to the facts found; and upon these we see no error in the conclusions of law drawn by the court, nor in the judgment rendered.

The judgment must therefore be affirmed, with costs.

The other Justices concurred.

---

"The same was recorded September 14th, 1872, and was executed and recorded according to the statute relating to town plats. It appeared by said last named plat that said Hollister street was fifty feet wide. That portion of Barclay's addition, hereinbefore referred to, containing lots 6, 7, 8, 9, 10 and 11, and Hollister street, which were replatted by defendants, is shown by the following diagram:

"It was also proved that soon after the plaintiffs received their said deed, they were informed that the same was not correct, and requested defendants to make good the covenants thereof, and they refused so to do; that defendants never owned, nor were ever in actual possession of any land adjoining said lots, so conveyed to plaintiffs; and that they never occupied nor were in actual possession of the same, or any portion of the same.

"There was some testimony given by S. F. Stevens, one of the defendants, as set forth in exhibit A hereto attached."

BUCKEYE STREET.