GEORGE H. PARSONS v. GEORGE L. CLARK, JOHN M. CLARK
AND JOSEPH IMMEN.

*Assignment for benefit of creditors—Not a bar to action by creditor—Does not prevent the running of the statute of limitations—Assignee has no authority to renew or revive the undischarged portion of a debt, by a partial payment thereon—Nor can he bind the assignor by an express or implied promise of payment—Circuit Judge, on finding facts, is to draw all necessary inferences from the evidence—Appellate court cannot draw inferences from facts found.*

1. The execution of a common law assignment, for the benefit of credit ors, is not a bar to an action by a creditor against the assignor, nor does such assignment operate to prevent the running of the statute of limitations.

2. A partial payment by such assignee, upon a debt due from the assignor, which shows upon its face that it is to be applied as a final dividend upon the claim, will not have the effect to save the demand from the operation of the statute of limitations.

3. It is the duty of an assignee to pay and discharge the debts of his assignor, so far as he is enabled to do so from the assets, and he has no authority, in virtue of his trust, to renew, revive, or continue in force the undischarged portion thereof, or to bind his assignor by either an express or implied promise of payment.

4. When the facts are found by the circuit judge, it is his province to draw all necessary inferences from the evidence, and the appellate court is not at liberty to draw any inference from the facts so found. The fact of a part payment of a debt is merely evidence of a promise to pay the balance, and the inference that such promise was made, or intended, must be found, *as a fact*, by the jury or the court before whom the trial is had.

Error to Livingston. (Newton, J.) Argued January 15, 1886. Decided January 27, 1886.

Assumpsit. Plaintiff brings error. Affirmed.
The facts are stated in the opinion.

*Rollin H. Person*, for appellant.

Whether part payment of a debt, by a common law assignee, will save the claim from the operation of the statute of limi-

tations? Query. The negative has been held in *Pickett v. Leonard*, 34 N. Y. 175; *Marienthal v. Mosler*, 16 Ohio St. 566, yet respectable courts have held the affirmative; *Jackson v. Fairbank*, 2 H. Blackstone 340; *Barger v. Durvin*, 22 Barb. 68; but the question seems not to have been determined in this State. The *general* rule is that a general payment, on account of a greater debt, unaccompanied by any qualifying acts, removes the statutory bar as to the balance.: Wood on Lim. of Actions, § 97; and it is not disputed that a payment made by an authorized agent would be effectual to take a case out of the statute : *Waters v. Tompkins*, 26 M. & R. 720; and in Kansas, an assignee has been held to be such an agent: *Letson v. Kenyon*, 31 Kansas 301.

*L. S. Montague*, for defendants.

If a payment is made under circumstance, or with declarations which rebut the inference of a new promise to pay the residue of the debt, it is no answer to a plea of the statute of limitations: *Roscoe v. Hale*, 7 Gray 275–6; *Jewett v. Petit*, 4 Mich. 510–11; *Krone v. Krone*, 38 Mich. 661–2; 2 Pars. on Bills and Notes, 654. It has been uniformly held that a part payment, by an assignee in bankruptcy or insolvency, does not take the case out of the statute of limitations, for the proceedings are taken on account of the inability of the debtor to pay his debts, and afford no just grounds to infer any intent-to renew the promise of payment, or to extend the time within which the debtor was legally bound to pay: 3 Pars. on Contracts, 71; *Roscoe v. Hale*, 7 Gray 275–6; *Stoddard v. Doane*, 7 Gray 388–9; *Roosevelt v. Mark*, 6 John. Ch. 290–3; *Hidden v. Cozzens*, 2 R. I. 401; *Christy v. Flemington*, 10 Penn. St. 129; Angell on Lim. 248 (4th ed.) A common law assignee, for the benefit of creditors, is not the agent of the assignor to make payments on his debts, which shall be equivalent to a new and express promise by the assignor: *Pickett v. King*, 34 Barb. 196–7; *Pickett v. Leonard*, 34 N. Y. 177–8.

CHAMPLIN, J. The record, in this case, presents but a single question, and that is whether the plaintiff's claim is barred by the statute of limitations. The trial in the circuit was before the court without a jury, who made a written finding of facts as follows:

"I find, as a fact, that the plaintiff, prior to and up to the twenty-eighth day of April, 1876, worked by the day for the

defendants, who were copartners in business at Howell; that up to the twenty-eighth day of April, A. D. 1876, the wages of the plaintiff amounted to the sum of ninety dollars and thirty cents; that the defendants had made him small payments, amounting in all to the sum of twenty dollars and ten cents; that the amount due him (Parsons) April 28, 1876, was the sum of seventy dollars and twenty cents.

. . "I find that on the twenty-eighth day of April, 1876, the defendants made a voluntary common law assignment to Mr. Gregory, as trustee, in trust for the benefit of creditors generally, of the defendants; that the plaintiff was one of such creditors; that Mr. Gregory accepted the trust and entered upon the discharge of the same, and took possession of the assets of the defunct firm and converted them into money; that out of the money he paid to the plaintiff, by check, September 2, 1876, seven dollars and eight-eight cents; November 15, 1876, four dollars and eighty-three cents. This last payment was actually made November 22, 1876. The last check was in this form:

"*Alex. McPherson & Co., Bankers:* Pay to George Parsons, or order, four dollars and eighty-three cents, which is to be applied as final dividend of claim against Wykoff, Clark & Immen.

"E. P. GREGORY,
"Assignee of Wykoff, Clark & Immen.

"This check was received by plaintiff, through the post-office, on the twentieth day of November, 1876, and was paid November 22, 1876, to plaintiff, and nothing more was paid to him on his demand by any one since that time. (The death of Mr. Wykoff before commencement of suit was admitted in open court.)

"This action was commenced November 16, 1882.

"I find that early in the month of April, 1882, the plaintiff called upon George L. Clark, one of the defendants, and had a conversation with him about the balance of his claim, and told him, in substance, that he would have to sue it, as it would soon outlaw; that George L. Clark asked him, ' When did you receive the last payment from the assignee?' I (Parsons) told him November 20, 1876; that he (Clark) said I had plenty of time; I need not be in a hurry. I find that no question of the amount of the indebtedness exists, and that the only question presented and argued for the defendant, was, that the remedy for the collection or enforcement of the debt was barred by the statute of limitations.

"After giving the case the most careful consideration, and with some considerable regret, but following the opinion in *Pickett v. Leonard*, determined in the court of appeals in New York, and reported in 34 New York, at page 175, and 34 Barbour, page 193, overruling case in 22 Barbour, page 68, and after examining the cases therein referred to, I find, as the conclusion of law, that by reason of the statute of limitations the plaintiff's claim was barred before the bringing of this action ; that the payment made by the assignee, to the plaintiff, was made in the execution of a special trust; and that such payment did not have the effect to save the demand from the operation of the statute."

From the above finding it appears that the claim in suit was barred by the statute of limitations on the twenty-eighth of April, 1882, unless the payments made by the assignee, on September 2 and November 22, 1876, served to prevent the statute from running until the latter date. It cannot be claimed that there has been any acknowledgment or promise made in writing and signed by the defendants, or either of them, which is evidence of a continuing contract, whereby to take the case out of the provisions of the statute; but what is claimed, is, that the payments made by the assignee should have the same effect given to them as if made by the defendants, and that it is evidence of an acknowledgment of the debt, and from which a promise to pay the remainder of the debt may be properly inferred.

The argument, is, that defendants, by their assignment, voluntarily placed certain assets in the hands of the assignee, and gave him express directions to pay the debt due to plaintiff, or so much thereof as he could do from such assets, and therefore he was the agent of such defendants to make the payments which he did make.

But it must be remembered that payments made by a debtor to his creditor, are not always evidence of a promise to pay the balance of the debt. If the debtor, when he makes the payment, expressly refuses to pay the balance, or makes such payment under circumstances that repel the presumption of such promise, no inference can in such case be drawn of a promise to pay the remainder. It is the duty of

an assignee to pay and discharge the debts of his assignor, so far as he is enabled to do so, from the assets, and he has no authority, in virtue of his trust, to renew, revive, or continue in force the undischarged portion thereof, or to bind his assignor by either an express or implied promise of payment. The right of action by the creditor against the debtor is not barred by the assignment. He may bring his action, notwithstanding the assignment, as soon as it is made. The assignment, therefore, did not operate to prevent the statute from running. No doubt the payments were made by the express authority of defendants, but they were made by a person under circumstances which repelled the presumption of a promise, by the assignee, to pay the balance.

In effect, the assignors said, "We owe Mr. Parsons about seventy dollars, and we are unable to pay him in full; we place all our property, not exempt from execution, in your hands, which we authorize you to convert into money, and pay it over to him to apply on such indebtedness." Payments made under these instructions afford no just grounds to infer any intent to renew the promise of payment, or to extend the time within which they were originally bound to pay: *Pickett v. Leonard*, 34 N. Y. 176; *Roscoe v. Hale*, 7 Gray 275; *Stoddard v. Doane*, Ib. 387; Ang. Lim. § 240, note 1 (6th ed.); *Jewett v. Petit*, 4 Mich. 510.

Plaintiff claims that, however it may be held as to the other defendants, it is clear that the judgment of the circuit court, as to the defendant George L. Clark, should be reversed, and the plaintiff should have judgment against him under section 8727 How. Stat., which provides that in actions against two or more joint contractors, if it shall appear upon the trial, or otherwise, that the plaintiff is barred by the statute as to one or more of the defendants, but entitled to recover against any other or others of them by virtue of a new acknowledgment or promise, or otherwise, judgment shall be given for the plaintiff as to any of the defendants against whom he is entitled to recover. But the finding of facts does not show, and the judge does not find, that any new acknowledgment or promise was made by George L. Clark. Had Clark, in

the conversation, verbally promised to pay the debt, it would not have revived the debt as to him, or stopped the running of the statute. The statute requires the acknowledgment or promise to be in writing, and signed, and this is not claimed to have been done. Nothing appears in the conversation to create an estoppel against George L. Clark. He made no request for delay, and no promise to pay it if plaintiff would not be in a hurry; and, moreover, it is not found as a fact, and does not appear that plaintiff delayed to sue a single day on account of what Clark said.

But there is another reason why the judgment must be affirmed in this Court. When the facts are found by the circuit judge, it is his province to draw all necessary inferences from the evidence, and this Court is not at liberty to draw any inference from the facts found by him: *Trudo v. Anderson*, 10 Mich. 357; *Peabody v. McAvoy*, 23 Mich. 529; *Cupen v. Stevens*, 29 Mich. 496, 503; *Weirich v. Cook*, 39 Mich. 134; *Burk v. Webb*, 32 Mich. 180; *Stockle v. Silsbee*, 41 Mich. 615; *Shelden v. Dutcher*, 35 Mich. 12; *Yelverton v. Steele*, 40 Mich. 540. The court cannot imply a promise from the mere fact of part payment as an inference of law: *White v. Jordan*, 27 Me. 370. The fact of part payment is merely evidence of a promise to pay the balance, and the inference that a promise was made, or intended, must be found as a fact by the jury or the court before whom the trial is had. The circuit judge did not find that a new promise was, in fact, made by reason of the payment by the assignee. But we rest our decision upon the legal proposition, stated in *Pickett v. Leonard*, 34 N. Y. 176, " that it would be unreasonable to construe payments by those who are not parties to the contract, nor under any personal obligation in respect to them, but are appointed to execute specific duties, as evidence of a willingness and intention by the original debtor to pay the entire debt; that it would be a perversion of the intention of the parties to make the simple execution of the trust, by the assignees, the ground of a new assumption of the debt by the debtor."

We think that the inference which the circuit judge did

draw from the evidence, that the payment made by the assignee was not evidence of a promise of the assignor to pay the balance of the debt so as to prevent the operation of the statute as a bar, was correct, and the judgment must be affirmed.

The other Justices concurred.