THE DETROIT STOVE WORKS v. GEORGE E. OSMUN AND ROBERT E. DAWSON.

*Assignment for benefit of creditors—Effect upon pending suit— Right of plaintiff to proceed to judgment.*

1. The execution of a common-law assignment for the benefit of creditors is not a bar to an action by a creditor against the assignor. *Parsons v. Clark,* 59 Mich. 418 (head-note 1).
2. An assignment for the benefit of creditors can in no way affect the right of the plaintiff to proceed to judgment, whether the suit is commenced before or after the assignment is made; nor will such right be affected by filing his claim against the defendant under the assignment proceedings.

Error to Wayne. (Brevoort, J.) Argued January 18, 1889. Decided February 8, 1889.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Albert J. Chapman,* for appellants.

*Conely, Maybury & Lucking,* for plaintiff.

LONG, J. This is an action of *assumpsit,* brought in the Wayne circuit court. The declaration was in the usual form on the common counts only. Plea, general issue, with notice that on February 4, 1888, defendants made a general assignment of all their property for the benefit of their creditors, and that the assignee in said assignment duly filed his bond therein, which was duly approved by the county clerk of Wayne county. The suit was commenced by summons on February 3, 1888, the day before the defendants made their assignment.

It appears from the record that on February 10, 1888, the assignee filed proof of service of notice of assignment and request to prove claims on all defendants' creditors, including the plaintiff in this case, and that on February 13 following he filed an inventory and bond, as required by the statute. On March 28 the assignee filed his first quarterly report. On April 27, 1888, plaintiff made and filed proof of its claim or debt in the assignment proceedings in the office of the clerk of Wayne county, and which was for the same debt to recover which this action was brought.

The issue was joined in this cause on March 12, 1888. The cause was tried before a jury, who, under the charge of the court, returned a verdict for plaintiff for the sum of $2,093.79, the full amount claimed. Judgment being entered on the verdict, the defendants bring the case to this Court by writ of error.

Defendants' counsel states in his brief the points relied on for reversal, as follows:

"That the court below erred in refusing the request of defendants' counsel to charge the jury that the plaintiff cannot recover, and in charging the jury to find for the plaintiff, because:

"1. Plaintiff is estopped to prosecute this suit by reason of the pendency of the assignment proceedings, and its subjecting itself to the jurisdiction of the court of chancery in the assignment by proving its claim or debt therein.

"2. Plaintiff did not prove its case in this action by proving delivery of the goods claimed to have been sold to defendants, Osmun and Dawson, and was not, therefore, entitled to a verdict in any event."

We do not agree with counsel for defendants upon either proposition. The first question raised was settled by this Court in *Parsons v. Clark,* 59 Mich. 418 (26 N. W. Rep. 656). In that case this Court says:

"The right of action by the creditor against the debtor is not barred by the assignment. He may bring his action, notwithstanding the assignment, as soon as it is made."

In the present case the suit was commenced the day before the assignment was made. The assignment proceeding can in no way affect the right of the plaintiff to proceed to judgment, whether the suit is commenced before or after the assignment is made; neither are its rights to be affected in proceeding to judgment by reason of it having filed its claim against the defendants with the county clerk in the assignment proceedings. Counsel for defendants contends that his position is correct, for the reason that, if the plaintiff was permitted to bring suit and proceed to judgment notwithstanding the assignment proceedings, great contention might arise between the sheriff, under an execution, and the assignee, as to the right of possession of the property, and that the court would compel the sheriff to hand it over to the assignee.

There can be no question as to the right of the assignee to the possession of the property, upon his filing bond in accordance with the statute. He takes the property for distribution *pro rata* among the creditors. This question, however, is not before us in the present case.

The second proposition of counsel for defendants has as little force. Testimony was given by the plaintiff tending to show the sale and delivery of the goods to the defendants. Testimony was also given by Charles B. Bagby, who is in the employ of plaintiff, that he presented a statement of the account to the defendants, who said that there would not be enough, after the foreclosure of the mortgages, to pay the rest of their creditors; that the amount of the account was discussed between him and one or both of the defendants, which amounted to $2,003.67, besides interest, and no dispute about the account was had. Witness further testified:

"I know of my own knowledge of the delivery of the articles, or most of them, that are specified in the bill of particulars."

By the record it is further disclosed that the defendants on the trial put in evidence the sworn statement of claim made by plaintiff against the defendants in the assignee proceedings, from which it appears that the claim then made was the same as contained in the bill of particulars here. In fact, on the trial no contention was made that the defendants were not indebted to plaintiff in the amount for which judgment was taken, and no such contention is made here. We think there was sufficient proof of the plaintiff's claim.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.