J. MAGILL SMITH et al. vs. ST. PAUL GERMAN FIRE INS. CO.

Argued Dec. 18, 1893. Reversed Jan. 15, 1894.

No. 8357.

**The debtor's assignment does not bar the creditor's suit.**

> An action may be maintained by a creditor against an insolvent debtor, notwithstanding he may have made an assignment of his property under Laws 1881, ch. 148, and this is so whether the action is commenced before or after the assignment; nor is the creditor barred of his right to proceed to judgment on such action by reason of his having filed his claim with the assignee in the insolvency proceedings.

Appeal by plaintiffs, J. Magill Smith and Herbert B. Farwell, from a judgment of the District Court of Ramsey County, *John W. Willis,* J., entered July 7, 1893, that they take nothing by their action.

The defendant, the St. Paul German Insurance Company, is a corporation created under the laws of this State. On September 16, 1891, it insured the plaintiffs for one year against loss by fire to the amount of $1,000 upon their stock of merchandise at No. 339 East Seventh Street, St. Paul, $28,000 total concurrent insurance allowed. On April 25, 1892, the stock was damaged and in part destroyed by fire. The plaintiffs gave notice and made proofs of loss and brought this action on the policy to recover $922.88, the share of the loss apportioned to defendant as between it and other insurance companies.

Meantime, on April 14, 1892, the Insurance Company made a general assignment of all its property under Laws 1881, ch. 148, to Jacob F. Franzen, in trust for those of its creditors who should prove their claims and release the part not paid from the assigned estate. The plaintiffs proved and filed their claim with the assignee, but did not file a release or accept a dividend. The defendant by its answer in this action claimed that the insolvency proceedings still pending constituted another and former action between the parties for the same cause and were a bar to this action. (1878 G. S. ch. 66, §§ 94, 92, subd. 3.) A jury was waived and the issues were tried April 26, 1893. Both parties moved for judgment on the pleadings. The Court granted the motion of defendant and dismissed the action. Judgment was entered thereon July 7, 1893, and plaintiffs appeal.

*Young & Lightner,* for appellant.

In order that the former action may operate as a bar it must be between the same parties, for the same cause of action and for the same relief. Freeman, Judgments, § 252.

The insolvency proceeding is purely a proceeding *in rem,* while the present action is a proceeding *in personam.* A proceeding *in rem* is not a bar to a proceeding *in personam,* though founded on the same cause of action. *Gambling* v. *Haight,* 59 N. Y. 354; *Wolf* v. *Cook,* 40 Fed. Rep. 432; *Providence W. Ins. Co.* v. *Morse,* 35 Fed. Rep. 363; *The Normandie,* 40 Fed. Rep. 590; *The Kalorama,* 10 Wall. 204; *Harmer* v. *Bell,* 7 Moore, P. C. 267; *Granger* v. *Judge,* 27 Mich. 406.

The insolvency proceeding is not between the same parties. The allowance or disallowance of the claim by the assignee is not binding upon the insolvent. The relief sought is different. In the insolvency proceedings the claim is filed by the creditor for the purpose of obtaining his share of certain property of the insolvent held in trust by the assignee. The question involved is in principle decided in *Welsh* v. *First Div. R. Co.,* 25 Minn. 314; *Barker* v. *Haskell,* 9 Cush. 218; *Morse* v. *Reed,* 13 Met. 62; *Bank of Bellows Falls* v. *Deming,* 17 Vt. 366.

The Federal bankrupt law (U. S. Rev. Stat. §§ 5105, 5106) contained two provisions forbidding the commencement or prosecution of suits by creditors of the bankrupt; and yet, in a case like the present one, where the action was against a corporation whose stockholders were under a double liability, it has been repeatedly held that a creditor could sue and obtain judgment against the bankrupt corporation, notwithstanding he had filed his claim in bankruptcy and the bankruptcy proceedings were still unsettled. *Ansonia B. & C. Co.* v. *New Lamp Chimney Co.,* 53 N. Y. 123; *New Lamp Chimney Co.* v. *Ansonia B. & C. Co.,* 91 U. S. 656; *Chamberlin* v. *Huguenot Mfg. Co.,* 118 Mass. 532; *Barre Nat. Bank* v. *Hingham Mfg. Co.,* 127 Mass. 563; *Allen* v. *Soldier's B. M. & D. Co.,* 4 Nat. Bank. Reg. 537; *Meyer* v. *Aurora Ins. Co.,* 7 Nat. Bank. Reg. 191; *Allen* v. *Ward,* 10 Nat. Bank Reg. 285; *In re Ghirardelli,* 4 Nat. Bank. Reg. 164.

*C. D. & Thos. D. O'Brien,* for respondent.

The defense set up in the answer amounted to more than the ordinary plea in bar. The question is more precisely the question of election between several remedies. By the filing of their claim plaintiffs participated in the insolvency proceedings and so elected to accept the remedies provided for creditors in those proceedings. The question is not whether they can have either remedy, but whether they can pursue both at the same time. The proceeding under our insolvent law is not a proceeding *in rem,* contradistinguished from an action *in personam.* It is in fact a marshaling of the assets of the debtor to which proceeding he and his creditors are necessary parties, and the action is between the same parties. *Barker* v. *Haskell,* 9 Cush. 218; *Morse* v. *Reed,* 13 Met. 62; *Bank of Bellows Falls* v. *Deming,* 17 Vt. 366.

BUCK, J. The plaintiffs brought this action upon a policy issued by the defendant, a loss by fire having occurred. The cause of action is admitted by the defendant, but it pleads, as a bar to the action, that prior to the commencement of the action the defendant had made an assignment, under the insolvent law of this state, to one Franzen, who duly qualified and entered upon the discharge of his duties as assignee, and that about the 18th day of July, 1892, the plaintiffs herein duly made out their claim for the identical loss and policy described in the complaint in this action, which was verified as required by statute, and filed said claim with said assignee as and for a claim against the estate of defendant, the said insolvent, which claim was duly received and allowed by said assignee, and is now pending before said assignee.

The facts set up in the answer are substantially conceded, and the cause was submitted to the court, and tried without a jury, and judgment ordered by the court in favor of defendant upon the pleadings; and thereafter judgment was rendered accordingly in favor of defendant, from which judgment the plaintiffs appeal to this court.

The only question presented is whether a creditor who has filed his claim with an assignee in insolvency proceedings is precluded

from bringing suit against the insolvent upon the same claim or cause of action. It is the opinion of this court that such action can be maintained. The insolvency law of this state (Laws 1881, ch. 148) is one of a special nature. Its object is to reach the property owned by the insolvent at the time of his assignment or the appointment of a receiver. The proceedings under it are not according to the course of the common law, but correspond more nearly to the proceedings in the court of equity. *Wendell* v. *Lebon,* 30 Minn. 234, (15 N. W. 109.) The assignee is entitled to the property assigned, which the insolvent owned at the time of the assignment, except such as is exempt by law. He has no control over property which the insolvent might acquire after the assignment and qualification of the assignee. He is not authorized to bring a common-law action in behalf of the creditors against the insolvent debtor, and recover a judgment by which he could collect anything out of property acquired thereafter by the debtor. The power of the assignee is limited to the property owned by the insolvent at the time of the assignment, except that he may bring suit in cases of fraud or preferential conveyances on the part of the insolvent. The proceedings are substantially those *in rem,* and relate to the identical property assigned, and which it is the duty of the assignee to make available, so far as possible, for the payment of the claims of creditors in proportion to the amount of property allowed them.

Is there anything to be found in the insolvency act which forbids a creditor from enforcing his common-law remedy? The act provides that, upon the making of an assignment, all attachments, levies, or garnishments shall be dissolved upon the appointment of an assignee or receiver, and thereupon the officers shall deliver the property attached or levied upon to such assignee or receiver, unless the assignee shall, within five days after such assignment, file, in the office of the clerk of court where such attachment was issued or judgment rendered, a notice of his intention to retain such attachment, levy, or garnishment, in which case such attachment, levy, or garnishment shall inure to the benefit of all the creditors, and the assignee in such case may be substituted in the place of the plaintiff for the enforcement of such proceedings, except in cases where a complaint has been filed in the office of the clerk of the court twenty days prior to the entry of a judgment. These proceedings are all

had with reference to the property actually owned or assigned by the insolvent, and with a view that the assignee may make such proceedings more effectual as to such property. If the assignee does not retain any of these proceedings, then, by virtue of the assignment, all property attached, levied upon, or garnished is released, and passes to the assignee for distribution among the creditors in the manner provided in the law. But while, under such circumstances, the property passes to the assignee, there is no provision in the law that provides that any action so commenced, and existing at the time of the assignment, shall abate, cease, or be discontinued. Such actions may, without doubt, be prosecuted to final judgment, even after the assignment. The plaintiff may have lost his lien, but his common-law right of procedure still exists, and there is no legal authority for enjoining him from proceeding to final judgment. The effect of the judgment, when once obtained, may depend upon future proceedings of the assignee or the debtor. The property of the insolvent being in the custody of the law, the plaintiff cannot reach it by execution. He has his common-law judgment, and it cannot be disturbed by the defendant debtor or his assignee. Now, why should any other creditor be debarred from having the same common-law remedy, and proceed to obtain his judgment against the debtor? The answer of the defendant is that plaintiff has filed the same claim with the assignee, and that such proceedings are inconsistent. How are they inconsistent? All that plaintiff seeks is to have the full amount of his debt paid by the debtor. Insolvents are not supposed or expected to pay their debts in full out of the assigned property, even in the hands of a faithful and honest assignee. The plaintiff, on filing his claim, finds his remedy only partial. It is almost universally so. What shall he do? He cannot appeal to the assignee for his aid in his behalf, for he has no common-law or statutory authority to bring suit in behalf of the creditors. Must the plaintiff remain without remedy? There is no such prohibition in the insolvency law. Nor do we find any express prohibition in the statute which denies to him a remedy. The common law says he may proceed. What is the objection, then? The defendant again answers, and says that he has filed the same claim with the assignee, and that, when he obtains a dividend or any share of the proceeds of the debtor's estate, he must file a

release to the debtor of all claims, except such as are paid from the assignee's property, and that therefore his common-law proceedings would be useless, and he should not be permitted by the court to do so. But, notwithstanding the plaintiff has filed his claim, he is not bound to accept any such proceeds, nor release his claim. If he does not file the release, then the proceeds may be distributed among the other creditors, but the plaintiff's action would not abate, or in any manner be suspended. He may proceed to judgment, and look to the possibility or probability of the insolvent's acquiring property after his assignment. This is a valuable right which the plaintiff possesses, and it does not rest in the power of an insolvent debtor to destroy it. The insolvency law does not narrow the plaintiff's rights down to this position or condition. It provides, also, that, if the insolvent debtor has fraudulently incumbered or disposed of his property with intent to cheat and defraud his creditors, the court may proceed summarily, and hear such legal evidence as may be pertinent; and, if there has been such fraudulent concealment, incumbrance, or disposal by the debtor of his property, then such debtor's property may be distributed among his creditors without their filing releases. And in such cases, as the share or dividend paid the creditors is usually very small, what remedy have they for the balance, if they cannot obtain a common-law judgment for it? There might be the grossest kind of fraud perpetrated by an insolvent debtor if the plaintiff is remediless for the unpaid balance of his claim. And, in the cases where the court finds such fraudulent transactions on the part of the debtor that it orders distribution without release, when can the creditor commence an action for the balance? Must he wait until this question of the fraudulent transactions of the insolvent debtor has been tried and determined? If so, the statute of limitations might run against his claim, and the whole of the unpaid balance be lost. If it be said that the partial payment made by the assignee would save the running of the statute of limitations, we answer that payment by an assignee in such cases does not prevent the running of the statute of limitations. *Parsons* v. *Clark,* 59 Mich. 414, (26 N. W. 656;) *Clark* v. *Chambers,* 17 Neb. 90, (22 N. W. 229;) *Pickett* v. *Leonard,* 34 N. Y. 176.

Payment in part by an assignee under such circumstances would not authorize the inference that there was a promise to pay any more on the balance, nor would it be a renewal of the promise to pay more, or an acknowledgment that more was payable. A trustee or assignee is not, under such circumstances, authorized to perform an act or make any agreement which will be binding upon the assignor or insolvent debtor, which will constitute a renewal of the claim or debt, and stop the running of the statute. A simple part payment, even by a debtor to his creditor, is not evidence that there is more due, nor is it evidence alone of a promise to pay the balance of the debt. *Brisbin* v. *Farmer*, 16 Minn. 215, (Gil. 187;) *Young* v. *Perkins*, 29 Minn. 173, (12 N. W. 515;) *Chadwick* v. *Cornish*, 26 Minn. 28, (1 N. W 55.)

In the case of *Parsons* v. *Clark*, 59 Mich. 419, (26 N. W. 656,) the court states the law to be that "the right of action by the creditor against the debtor is not barred by the assignment. He may bring his action, notwithstanding the assignment, as soon as it is made." This case was cited with approval by the same court in *Detroit Stove Works* v. *Osmun*, 74 Mich. 7, (41 N. W. 845,) where the action was commenced the day before the assignment was made; and in the latter case the court say "that the assignment proceedings can in no way affect the right of the plaintiff to proceed to judgment, whether the suit is commenced before or after the assignment is made; neither are its rights to be affected in proceedings to judgment by reason of it having filed its claim against the defendant with the court's clerk in the assignment proceedings." This last case is directly in point. See, also, *Thomas* v. *Carter*, 63 Vt. 609, (22 Atl. 720.) There would be more plausibility in the contention of the defendant if the filing of the claim with the assignee by the plaintiff afforded him adequate and complete relief, or the means to pursue his claim to judgment; but no such relief can be granted him in the insolvency proceedings. There the relief is usually only partial, and therefore inadequate. There can be no judgment *in personam*, and the relief is only for the creditor to take such share of the proceeds as may be found by the assignee for distribution. To deny or restrain the remedy of a common-law action in such case would be unjust. Until the debt is in some way satisfied, the rem-

edy by action should be open to the creditor. Whatever is paid by the assignee, if anything, will go to the extent thereof in partial payment of the debt, whether on the claim before the assignee, or applied on the proceedings by action. A full payment of the debt will, by operation of law, satisfy the entire obligation, whether there has been one remedy, or two, pursued by the creditor. See, also, *Granger* v. *Wayne Circuit Judge*, 27 Mich. 406, and cases cited.

The judgment appealed from is reversed.

(Opinion published 57 N. W. Rep. 475.)