MAYFIELD WOOLEN MILLS, Respondent, vs. GOODRICH & MARTINEAU COMPANY, Appellant.

*February 11—March 9, 1926.*

*Assignments for benefit of creditors: Non-compliance with statutes: Right of non-participating creditor to proceed by execution: Remedy of creditor.*

A judgment creditor cannot proceed by way of execution against property conveyed by his debtor to assignees for the benefit of creditors, although the assignment did not comply with the statutes relative to voluntary assignments and was in some minor respects preferential; and the creditor, if he has not participated in the agreement of composition, must resort to the remedy afforded by sec. 128.06, Stats.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Reversed.*

The appeal is from a judgment in favor of plaintiff in an action submitted to the court upon an agreed statement of facts in accordance with the provisions of sec. 269.01 of the Statutes.

For the appellant there was a brief by *Classon, Whitcomb & Kuzenski* of Oconto, and oral argument by *Walter F. Kuzenski* and *Allan V. Classon.*

For the respondent there was a brief by *Megan & Megan* of Oconto, and oral argument by *Giles Megan.*

DOERFLER, J.   From the stipulation it appears that the defendant, *Goodrich & Martineau Company,* a Wisconsin corporation, being unable to meet the financial demands against it, although claiming to be solvent, on September 3, 1924, made, executed, and delivered to three trustees an assignment of all of its property, real and personal, for the benefit of its creditors.   The instrument did not comply with the statutes on voluntary assignments and was more in the nature of a common-law assignment.   It was not, in some minor respects, non-preferential, because it authorized the trustees to liquidate and settle certain claims not exceeding $50 in amount.   It did not contemplate the general liquidation of the estate of the assignor, but, on the contrary, included a scheme whereby such estate might be administered for a period of three years under the terms and conditions of the instrument of assignment and the payment of the claims of creditors during that period.   Further, the trustees were authorized to continue the business in its ordinary course, and to accomplish this end they were invested with broad general powers.   The assignment was not filed in the office of the clerk of the circuit court and the trustees were not required to furnish a bond.

Some time after the execution of this assignment the plaintiff and two other creditors, namely, the Herman Weiss Company and I. Fleischer & Sons, non-participants in the trust agreement, obtained separate judgments on their claims against the defendant, and thereupon executions were issued thereon and placed in the hands of the sheriff of Oconto county with instructions to levy upon the property of the defendant in the hands of the assignee.   Satisfactory arrangements having been made for the payment of the three judgment creditors in the event that the court should finally decide the issues in favor of such creditors, the stipulation above referred to was duly executed and filed.

Can the plaintiff as a judgment creditor, under the facts included in the stipulation, levy with an execution upon the

property in the hands of the trustees for the purpose of satisfying its judgment out of the proceeds derived therefrom, because the assignment in question was not made in compliance with the statutory provisions on voluntary assignments? This presents the sole issue. Voluntary assignments did not originate pursuant to statute, but were recognized by the common law at an early period of its history. Statutes upon the subject are merely regulatory. At common law they were made both with and without preferences, and in either event they were valid. Preferences were even permitted under our own statutes at an early date. The voluntary assignment statutes as they appear in the Statutes of 1898 provide for an administration of the debtor's property for the ratable benefit of all his creditors under the direction of the court. Prior to the enactment of ch. 334 of the Laws of 1897, a failure to comply with the provisions of the statute on voluntary assignments in the respects therein indicated voided the assignment and subjected the debtor's property in the hands of the assignee to seizure on execution, or attachment, and the property in the hands of the assignee was also subject to garnishment. In 1886, in the case of *Winner v. Hoyt,* 66 Wis. 227, 28 N. W. 380, it was held, as will appear by the syllabus, that:

"Chattel mortgages and assignments of accounts transferring the entire property of insolvent debtors to certain of their creditors, with the intent that one of such creditors, for himself and as agent and trustee for the others, shall take immediate possession and convert such property into money and divide the same *pro rata* among such favored creditors, are held to have been in effect a general assignment with preferences, and void as to the other creditors."

So that if the statutes on voluntary assignments as they existed at the time of the decision in the *Winner Case, supra,* had been in force in the same form when the assignment in the instant case was made, no doubt could be entertained but that the same would be void and the execution levy of the plaintiff would be upheld.

The act of 1897, however, above referred to, among other things added the following provision to sec. 1694 of the Statutes (now sec. 128.06):

"No creditor shall, in any case where a debtor has made or attempted to make an assignment for the benefit of creditors, or in case of the insolvency of any debtor, by attachment, garnishment or otherwise, obtain priority over other creditors upon such assignment *being for any reason adjudged void,* or in consequence of any sale, lien or security being adjudged void; but in all such cases the property of such insolvent debtor shall be administered for the ratable benefit of all his creditors under the direction of the court by the assignee or by any receiver of said property and estate appointed as hereinafter provided."

In 1904 this court construed the section which is now known as sec. 128.06 in the case of *Gilbert P. Co. v. Whiting P. Co.* 123 Wis. 472, 102 N. W. 20. In that case a corporation, being indebted to a large number of persons, delivered to one Fritz individually, who happened to be the secretary of the corporation, its check for $5,000, accompanied by a communication addressed to Fritz, as follows:

"Pursuant to authority duly conferred by the board of stockholders as well as the board of directors, there is hereby assigned to you in trust for the several parties and creditors mentioned in the annexed schedule the aggregate sum of $5,000, to be distributed and paid forthwith to the several parties named in detailed statement." This statement contained a list of the creditors. Plaintiff, who was one of the creditors named in the list, and who had not received its dividend, commenced action against the corporation and garnished Fritz. (Syllabus.)

The plaintiff in that action, among other things, claimed that the transfer was not in accordance with the statute and was therefore void, and that under the decision in the *Winner Case* the money in the hands of Fritz was subject to garnishment. The court held, in substance, that barring the amendment of 1897 the contention of the plaintiff is

sound. In speaking of such amendment, the court, by Mr. Justice DODGE, uses the following language:

"We can entertain no doubt that this legislation was aimed directly at the rule laid down in *Winner v. Hoyt,* 66 Wis. 227, 28 N. W. 380, and following cases, that property attempted to be conveyed by a void voluntary assignment could be seized by any individual creditor by attachment or garnishment. Indeed, its words are too plain to invite or permit attempt to construe it upon that subject. We can but enforce it. We are aware that in *Duryea v. Muse,* 117 Wis. 399, 94 N. W. 365, subsequent to 1897, the garnishment was sustained against the assignee under a void voluntary assignment upon authority of the earlier cases. The court did not, in its opinion, at all discuss or consider the force of this legislation of 1897. It did not expressly deny it effect. If, however, it did so by implication, in sustaining the garnishment notwithstanding such statute existed and was called to our attention in the briefs, that implied denial must be deemed overruled."

Such was also the holding of this court in the case of *Plewa v. St. Josaphat's Congregation,* 153 Wis. 276, 141 N. W. 267. Under the decisions in the *Gilbert* and the *Plewa Cases* we are at a loss to see how the judgment of the lower court can be affirmed. The legislative intent being clearly expressed in the law of 1897, and the amendment of that year being a part of the statutes from the time of its enactment up to the present time, we are constrained to adhere to our holdings in the *Gilbert* and *Plewa Cases.*

The learned trial judge, in his opinion herein, based his ruling upon language used in the case of *American Exch. Bank v. Bornstein,* 185 Wis. 218, 201 N. W. 242. In that case the creditor did not participate in the trust agreement, but accepted a dividend, and it was contended that the acceptance of such dividend made him a party to the composition so as to discharge his claim. The particular language which the lower court quoted is as follows:

"While this is true, yet the acceptance by a creditor who has not joined in the composition of the dividend does not

make him a party to the composition so as to discharge his claim, and he may proceed against his debtor for the amount of the claim less the dividend received."

It has been held that "an assignment by a debtor in no way affects the rights of his creditor to begin and prosecute to judgment a suit to recover his demand. It is immaterial whether the suit is begun before or after the assignment or whether the creditor has filed his claim with the assignee or not." *Smith v. St. Paul German F. Ins. Co.* 56 Minn. 202, 57 N. W. 475; *Parsons v. Clark,* 59 Mich. 414, 26 N. W. 656; *Detroit Stove Works v. Osmun,* 74 Mich. 7, 41 N. W. 845. The *Bornstein Case* does not hold that a creditor under the circumstances obtaining in the instant case can gain an advantage over other creditors by either attachment, garnishment, or by the levying of an execution, and therefore the holding in the *Bornstein Case* is not in conflict with either the *Gilbert* or the *Plewa Case,* or with the holding indicated herein.

"An assignment is . . . an absolute conveyance by which both the legal and equitable estate is devested out of the grantor; but the title vested in the assignee is subject to the uses and trusts in favor of the creditors, *and upon their satisfaction* a trust results in favor of the assignor in the residue of the unappropriated property or its proceeds." 2 Ruling Case Law, 664:

In other words, it may be said that the interest of the assignor depends upon a condition subsequent, and until the happening of such condition the assignor's interest is postponed. If the assignee or trustee obtains by the assignment both the equitable and the legal interest in the property, there is no property upon which an execution can be levied until the assignment proceedings are finished and the assignor discharged, and then only when property exists in excess of that which may be necessary to pay creditors and the costs and disbursements of the proceedings.

We have carefully examined the instrument creating the

trust. It is drafted ingeniously and presents a comprehensive scheme for the administration of the trust property. It appears to us that it creates a practical and workable trust, and we assume that its use is often resorted to by adjustment bureaus acting in the interests of creditors. The principal advantage to be derived from such an instrument is the probable retention of the business as a going concern and the maintenance as an asset of its good will; and in addition thereto it affords an opportunity for payment of claims of creditors in full. While, as has been held, it is in the nature of an assignment for the benefit of creditors, it is not in compliance with the provisions of the statutes, but the latter afford a remedy to a creditor who has not participated in the trust agreement, and this remedy must be resorted to if any relief be sought.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions for further proceedings in accordance with this opinion.