KUCHERA, Respondent, vs. KUCHERA, Appellant.

*December 13, 1923—January 15, 1924.*

*Judgment: When pleadable as counterclaim: Failure to make payments as ordered: Cancellation of deed upon one day's default: Abuse of discretion.*

1. In an action to cancel a deed to certain lands brought by the grantor because of the failure of the grantee to pay three annual instalments of $55 each, where the defendant pleaded as a counterclaim two judgments for costs obtained in the trial court and in the appellate court in former litigation between the parties, such counterclaims are pleadable, as in both actions the person against whom the judgments were rendered is the sole plaintiff, even if his wife had an equitable interest in both actions although not a party of record. p. 458.

2. Where the trial judge in disallowing the counterclaims found the amount due plaintiff, and adjudged that unless it were paid within ten days from date of taxation of costs the title to the land should revert to plaintiff, an order making the judgment absolute and reinvesting title in plaintiff because defendant's offer to pay as directed was delayed until one day after the expiration of the ten days was an abuse of judicial discretion, it appearing that defendant lived a considerable distance from plaintiff and that the highways were in bad condition. p. 459.

APPEAL from a judgment and an order of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Reversed, with directions.*

Action to cancel a deed of certain lands referred to in *Kuchera v. Kuchera,* 172 Wis. 108, 178 N. W. 254, because of the failure to pay three annual payments of $55 each, due January, 1919, January, 1920, and January, 1921, respectively. The defendant pleaded as a counterclaim to the action two judgments for costs that she held against plaintiff as a result of the former action, one for $68.66 and the other for $34, obtained in the circuit and supreme courts, respectively, amounting at the time of the commencement of the action, with interest, to the sum of $102.66, and she

offered to pay the difference and did pay into the court the sum of $63 for the use of the plaintiff.

The trial court held the judgments for costs were not properly pleadable as a counterclaim and found that there was due plaintiff the sum of $239.80 and $25 costs, and adjudged that unless said sums were paid within ten days from the date of the taxation of costs title to the land should revest in the plaintiff. One day after the expiration of the ten days the defendant offered to pay the amount found due and costs as directed, but the trial court, by an order correcting the judgment, made it absolute, directing the cancellation of the deed and re-invested plaintiff with the title to the land. From the judgment and order correcting the same and making it final the defendant appealed.

*C. W. Graves* of Viroqua, attorney, and *L. H. Bancroft* of Milwaukee, of counsel, for the appellant.

For the respondent there was a brief by *Hill, Thomann & Beckwith* of Madison, and oral argument by *D. V. W. Beckwith.*

VINJE, C. J.   The trial court seems to have been of the opinion that the deed was intended to provide for the payment of $55 annually during the life of both grantors and that the wife of the plaintiff had an equitable interest in this action, and hence a judgment against *Joseph Kuchera* could not be offset in an action where he and his wife were equitable parties though not of record. We express no opinion as to whether the deed should be construed to require annual payments during the life of *Kuchera* and his wife or only during his life. In the former case that question was not involved, and the court in its statement of facts, following the language of the parties, says payments were for the support of "plaintiff and his wife," but the deed says "during the remainder of my life," signed by *Joseph Kuchera* and Barbara Kuchera. But assuming it does, then the former action was one in which the wife had the same equitable interest that she has in this action and the judgments for

costs were equitably against her as well as against her husband, and under sec. 4258, Stats., and *Hart v. Godkin,* 122 Wis. 646, 100 N. W. 1057, they were properly pleadable as counterclaims. But we prefer to place the ruling upon the record as it stands. In the former action *Joseph Kuchera* was the sole plaintiff. In this case he is the sole plaintiff and judgments against him are pleadable as counterclaims by force of the statute cited.

Even if the trial court had been right in refusing to allow the counterclaims, the default of one day should not have visited upon the defendant the loss of a valuable farm. It is in evidence that she lived a considerable distance from the plaintiff; that the only feasible way to reach him was to travel by highways, and they were in bad condition. Under the circumstances we hold it was an abuse of judicial discretion to declare the judgment absolute for so trifling a default.

*By the Court.*—The judgment and order are reversed, and the cause is remanded with directions to allow the counterclaims, to ascertain the amount due in addition thereto, and to give defendant thirty days in which to pay the same.