JOHN and others, Trustees, Respondents, vs. MARYLAND
CASUALTY COMPANY, Appellant.

*March 9—April 5, 1932.*

*James E. Coleman* of Milwaukee, for the appellant.

For the respondents the cause was submitted on the brief of *Bender, Trump, McIntyre & Freeman* of Milwaukee.

ROSENBERRY, C. J. Upon the theory that a demurrer to a counterclaim opens the record and raises the sufficiency in law of any prior pleading, the defendant seeks to attack the complaint upon the ground that, by reason of the failure of the plaintiffs to allege compliance with the statute regulating voluntary assignments, the instrument under which they took title is void and therefore of no effect.

At common law the rule was that a demurrer to a pleading opened the record and raised the sufficiency in law of all prior pleadings. *Lawe v. Hyde,* 39 Wis. 345, and cases cited. The

basis of the rule at common law was that if the pleadings prior to the one demurred to were not sufficient in law, there was no obligation to plead thereto. As was often said, "A bad answer is sufficient for a bad complaint."

In *Lawe v. Hyde, supra,* the question arose as to whether or not a demurrer to a counterclaim had the same effect as a demurrer to a mere answer. The court said:

"The distinction has been so slight that it has sometimes been a nice question of construction whether the pleading be an answer proper or a counterclaim, or both in one. But aside from all rules of construction, the statute itself appears not only to make a counterclaim a pleading to the complaint, but to make it essentially an answer in all cases; for it requires the answer to set up new matters constituting defense or counterclaim. Whatever may be its effect by way of cross-action, it is certainly a pleading to the complaint. And the old rule that demurrers reach back to the first defective pleading still applies where the complaint discloses want of jurisdiction or fails to state a cause of action."

In *Lawe v. Hyde* the demurrer was to the answer as well as to the counterclaim.

In *Lyndon Lumber Co. v. Sawyer,* 135 Wis. 525, 116 N. W. 255, there was also a demurrer to an answer and a counterclaim, and it was held that this requires an examination of the sufficiency of the complaint, citing *Lawe v. Hyde.* *Lyndon Lumber Co. v. Sawyer* was cited in *State ex rel. Williams v. Kaempfer,* 176 Wis. 283, 187 N. W. 215, but in that case there was no counterclaim, merely an answer.

In *Fulton County G. & E. Co. v. Hudson River T. Co.* 200 N. Y. 287, 93 N. E. 1052, the question of whether or not a demurrer to a counterclaim raised the sufficiency of the complaint was squarely before the court. After stating the question the court said:

"Those authorities rest their conclusion upon two grounds: the one, a demurrer searches all the pleadings prior to itself for the first fault in pleading, and, upon the trial of the issues

created by the demurrer, judgment is to be given against the party who committed that first fault; the other, a counterclaim is a pleading in the action and to the complaint and is subject to the rule that a demurrer reaches back to the first defective pleading. The second ground cannot be sustained. A counterclaim is a statutory remedy. The Code of Procedure created it in an amendment of 1852 to sub. 2 of sec. 149 thereof. Such subdivision continued unchanged until it was repealed in 1877, in consequence of the enactment of sec. 500 of the Code of Civil Procedure. The Code of Procedure in its sec. 150 contained provisions now represented by sec. 501 of the Code of Civil Procedure. Under the provisions of the Code of Civil Procedure, which prescribe the fabric and regulate the exercise of a counterclaim, the facts alleged as a counterclaim must be sufficient to constitute a perfect cause of action in favor of the defendant and against the plaintiff and to sustain the judgment against the plaintiff which the defendant thereby seeks and must demand. They must be alleged as a counterclaim in order that they shall not be deemed a mere defense. They may be verified as an independent pleading where the complaint is not verified. They may be demurred to upon the ground that they are not sufficient to constitute a cause of action and must be answered by a reply in the substance and form of the answer to a complaint, if defendant shall not have, through default of plaintiff, the judgment he demands. The mode of trial of an issue of fact arising upon a counterclaim is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment, and the right of the defendant to any provisional remedy is the same as in an action brought by him against the plaintiff for the said cause of action; and for the purpose of applying therefor the defendant is deemed the plaintiff, the plaintiff is deemed the defendant, and the counterclaim is deemed the complaint. Where a plaintiff under his complaint and a defendant under his counterclaim establish equal demands, the judgment must be in favor of defendant; where unequal demands, the judgment must be in favor of the party establishing the greater demand for the excess; where the defendant defeats the plaintiff's demand and establishes his counterclaim, judgment must be rendered

for the defendant accordingly, and where the defendant, in an action upon contract, where the complaint demands judgment for a sum of money only, admits the claim of plaintiff and sets up a counterclaim amounting to less than plaintiff's claim, the plaintiff, upon filing an admission of the counterclaim, may take judgment for the excess as upon a default for want of an answer. The plaintiff may, if the counterclaim exceeds his claim, make an offer of judgment against himself, upon which, if accepted by defendant, the clerk must enter the judgment offered. Those provisions avouch that a counterclaim passes far beyond the range of merely answering or defending against or being responsive to the complaint. It may and frequently does admit the entire complaint and stand as the sole litigation between the parties. The answer alleging it is, in effect, both answer and complaint, and in so far as it is a complaint, in so far as it thrusts into the pending action a cause of action in defendant's favor against the plaintiff, it is without the line of pleading started by the complaint, and which, upon demurrer, may be followed back in order that judgment shall be rendered against the party who committed the first fault. It is just that he who does not so plead as to invite an issue cannot compel his adversary to so plead as to accept it, but it is not just that he should be compelled to accept and defend as a cause of action against him that which is not a cause of action and fails, through insufficiency of substance, to charge him with liability."

The court declined to pass upon the sufficiency of the complaint on the ground that the counterclaim, to which the plaintiff demurred, stated an independent cause of action. See, also, *Hull v. Hull,* 225 N. Y. 342, 122 N. E. 252; *Anderson Bldg., L. F. & S. Asso. v. Thompson,* 88 Ind. 405.

It is apparent that the court in *Lawe v. Hyde, supra,* considered the counterclaim merely as a matter of defense to the cause of action set out in the complaint. In the more than half century that has elapsed since the opinion in that case was written, the law of pleading has undergone significant and fundamental change. The summary set forth in the opinion of the court of appeals of the state of New

York applies substantially to the statutes and practice relating to pleading in this state. Under the statutes of this state the distinction between setoff and recoupment on the one hand and counterclaim on the other has not been fully preserved. This is due to the fact that by the provisions of sec. 331.13, Stats., in actions in courts of record a setoff must be pleaded as a counterclaim and regulated by the rules of pleading and practice applicable thereto. We find no similar provision in the statutes of the state of New York. Under secs. 331.07 and 331.13 it has been held that judgments claimed as setoffs should be pleaded as counterclaims. *Hart v. Godkin,* 122 Wis. 646, 100 N. W. 1057; *Kuchera v. Kuchera,* 182 Wis. 457, 196 N. W. 828. Counterclaim also includes recoupment as it is defined in substantially all of the codes. In order to determine, therefore, whether or not a demurrer to a counterclaim searches the record, it is necessary to ascertain the nature of the defense set up by way of counterclaim. If it is a cause of action upon which the defendant might have judgment, even though the plaintiff's cause of action be wholly defeated, it would be within the reason of the rule laid down by the court of appeals of New York in *Fulton County G. & E. Co. v. Hudson River T. Co., supra.* If, however, the matter pleaded by way of counterclaim is merely defensive,[1] then a demurrer to the counterclaim would on principle raise the sufficiency of the complaint; for if there was no good complaint there would be no obligation upon the defendant to defend and therefore it would be immaterial whether the pleading of the defendant were good or bad.

In this case, pursuant to the command of the statute, the defendant pleaded judgments by way of a counterclaim. Manifestly if the plaintiffs' cause of action were defeated there would be no useful purpose served by merely re-enter-

[1] For an illustration see *Rib Falls L. Co. v. Lesh & M. L. Co.* 144 Wis. 362, 129 N. W. 595.

ing the judgment. While pleaded as a counterclaim, the judgments were in legal effect setoffs. If the plaintiffs did not recover, the pleading could serve no useful purpose. It is considered, therefore, that the demurrer to the counterclaims in this case did raise the sufficiency of the plaintiffs' complaint. It is considered that the transfer by the Milwaukee Tank Works to the plaintiffs herein was sufficient to operate as a conveyance of the title of the property described in the trust instrument as determined in *Mayfield Woolen Mills v. Goodrich & Martineau Co.* 189 Wis. 406, 207 N. W. 954. The defendant argues that that case decided no more than that a creditor could proceed to attack such a transfer in no other way than that provided in sec. 128.06. Even if the contention of the defendant in that regard should prevail, the plaintiffs here must be held entitled to bring this action because they bring it in their own right under a contract made by them with the defendant and not as assignees of the Milwaukee Tank Works.

Coming now to the issue raised by the demurrer of the plaintiffs to the counterclaims, it is clear that the judgments rendered against the plaintiffs' assignor are not pleadable as offsets in this action brought by the plaintiffs in their own right against the defendant. The subject matter of the action brought by the plaintiffs is the liability of the defendant to the plaintiffs by virtue of its indemnity contract issued to the plaintiffs. The estate of the settlor being in the hands of the plaintiffs as trustees to be administered by them for the benefit of all the creditors, the judgment of the defendant against the plaintiffs' assignor is not entitled, under the chapter relating to setoffs, to be offset against the claim of plaintiffs suing in their own right. The defendant has failed to distinguish between a liability owing by it directly to the plaintiffs in their own right and a liability owing by the defendant to plaintiffs as successors of their assignor. Such a

liability does no more than make the defendant a claimant against the trust estate. If plaintiffs were suing upon a claim due to their assignor, an entirely different question would be presented.

The demurrer should have been upon the ground stated in sec. 263.17 (6), that is, that the cause of action stated is not pleadable as a counterclaim in the action, and we have so treated it for the reason that it was so treated by the court below and by the parties upon the appeal here without objection. As is apparent in this case, a counterclaim may state a perfectly good cause of action but it may not be pleadable as such in the action. Under the statute a good counterclaim may in certain instances state a cause of action as against a prior assignor. Apparently the distinction between the provisions of sub. (5) and (6) was not observed by the parties or the trial court in this case.

*By the Court.*—Order affirmed.