WESOLOWSKI, Plaintiff and Respondent, v. ERICKSON, Defendant: LIBERTY SAVINGS & LOAN ASSOCIATION, Defendant and Appellant.

*October 8—November 5, 1958.*

For the appellant there were briefs by *Ray T. McCann,* and oral argument by *Mr. McCann* and by *Mr. Richard A. McDermott,* both of Milwaukee.

For the respondent there was a brief by *Erbstoeszer, Cleary & Zabel* of Milwaukee, and oral argument by *Vernon Erbstoeszer*.

HALLOWS, J. The questions involved are: (1) Was the counterclaim pleadable; (2) was the motion to strike proper or was it in effect a demurrer; (3) if a demurrer, did it search the record so as to test the sufficiency of the complaint?

Whether the counterclaim is pleadable depends on whether the plaintiff is suing as an individual or in a representative capacity, and whether the defendant association is such a defendant as can plead a counterclaim. The main difficulty with the complaint is that it does not expressly state the plaintiff is suing in a representative capacity. The appellant relies on the statement in *Isaacs v. Milwaukee Chair Co.* (1938), 229 Wis. 184, 186, 282 N. W. 1, where this court stated: "Where a plaintiff sues in a representative capacity the right to do so must be clearly alleged." This statement was made in reference to the absence of a necessary allegation that the plaintiff was a stockholder at the time of the commencement of the suit. It appeared from the complaint that the plaintiff was not suing in her own right but on behalf of the corporation and was a stockholder at the time of the transactions complained of.

Whether an action is one brought in an individual capacity or in a representative capacity is sometimes difficult to determine. The mere labeling of a complaint does not determine its nature. The nature of an action is to be determined as a whole and all allegations in the complaint must be considered. 13 Fletcher, Cyc. Corp. (perm. ed.), p. 271, sec. 5912. It is not necessary under sec. 260.12, Stats., 30 W. S. A., p. 68, that all the names of all the stockholders in a representative suit be given or that they be named as parties in the caption or in the complaint of a representative suit.

An analysis of the complaint leads to the conclusion that the question is one of common or general interest to many of the stockholders. Nowhere in the complaint is there an indication that the plaintiff is seeking any personal recovery. The gist of the complaint is that defendant Erickson by wrongful conduct has prevented the plaintiff and other stockholders, together representing at least 50 per cent of the stock, from exercising their rights at a regular stockholders' meeting. The defendant association has a right to have its corporate meetings run properly and legally by its officers. Relief is not demanded against this defendant but rather on its behalf. This the plaintiff has a right to do. Ballantine, Corporation Law and Practice, pp. 607, 616, secs. 185, 188. Under the facts alleged the defendant association could not be expected to bring this action against the defendant Erickson. Construing the complaint liberally under sec. 263.27, Stats., we conclude that the plaintiff is not suing in an individual capacity but in a representative capacity.

The appellant relies on sec. 263.14 (1), Stats., 30 W. S. A., p. 544, providing: "A defendant may counterclaim any claim which he has against a plaintiff, upon which a judgment may be had in the action." The present form of this rule on counterclaims was created by this court's order effective October 1, 1943. 242 Wis. p. v. Prior to 1943, sec. 263.14 (1) (c), Stats. 1941, the right to counterclaim any cause of action against a plaintiff was restricted to a nonresident plaintiff. This idea was generalized by the adoption of the present form of the rule in sec. 263.14.

Under the counterclaim statute existing prior to 1943 a personal counterclaim would not lie against a plaintiff who commenced a derivative action against a corporation. *Brahm v. M. C. Gehl Co.* (1907), 132 Wis. 674, 112 N. W. 1097. In this case a stockholder brought an action to secure the cancellation of stock which he claimed was fraudulently issued. The corporation counterclaimed, alleging that the

plaintiff had acted wrongfully as an officer and had withheld certain real estate from the corporation. This court held that the counterclaim could not be pleaded unless it would defeat or in some way qualify the judgment to which the plaintiff was otherwise entitled. While this case is based on a narrower statute on counterclaims, it points out that the right of action sought to be enforced by the plaintiff as a stockholder was a right of the corporation.

It is generally implied that a counterclaim to be set off against a plaintiff must be against him in the same capacity in which he brings the suit. The rule is stated in 47 Am. Jur., Setoff and Counterclaim, p. 748, sec. 51:

"The general rule is that a demand held as fiduciary or representative cannot be set off or counterclaimed against personal liability. Also, as against a plaintiff suing in a representative capacity, the defendant cannot set up as a bar to the action any counterclaim or defense which he has against the plaintiff as an individual."

In 13 Fletcher, Cyc. Corp. (perm. ed.), p. 245, sec. 5889, it is stated:

"Ordinarily, where the action is derivative, the corporation cannot interpose a counterclaim for the amount unpaid on plaintiff's subscription to stock. An unconnected grievance or an individual right cannot be counterclaimed in such an action, where the action is derivative, as it is against plaintiff in a different right."

If a plaintiff sues as an individual he should not be charged in that action with claims due the defendant from someone whom the plaintiff represents in a different capacity, nor should one who is sued in his legal capacity as a representative of another be allowed to counterclaim on the basis of claims due him individually from the plaintiff. By like reason the plaintiff suing in a representative capacity should not be subject to a counterclaim against him in his individual

capacity. 3 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), sec. 21.54, Capacity in which claim held, page 459.

The defendant association is not an adverse party contemplated in sec. 260.08, Stats., 30 W. S. A., p. 19, which defines a defendant as the adverse party and a plaintiff as the complaining party. A corporation which is a nominal defendant and against whom no relief is asked and on behalf of whom the relief is sought by a plaintiff stockholder in a representative suit is not a party defendant within the contemplation of sec. 263.14 entitled to plead a counterclaim against such a plaintiff. The type of claim which a defendant may counterclaim under sec. 263.14, 30 W. S. A., p. 544, is restricted to a claim upon which a judgment may be had in the action. We conclude a counterclaim against a plaintiff under sec. 263.14 must be against the plaintiff in the same capacity in which he is suing.

The next question is whether the motion to strike can be treated as a demurrer. The motion was in the form of an order to show cause supported by an affidavit. The grounds stated in the affidavit were that the counterclaim was irrelevant and was not properly pleaded as a counterclaim. Motions to strike irrelevant matter in a pleading are provided for in sec. 263.43 and sec. 263.44, Stats., 30 W. S. A., pp. 701, 713. The plaintiff was not foreclosed from making a motion to strike the counterclaim on the grounds of irrelevancy by sec. 263.18, 30 W. S. A., p. 597, relating to demurrers and replies to counterclaims, or by sec. 263.19, 30 W. S. A., p. 599, relating to waiver by not demurring or replying as urged by the defendant.

A motion to strike out in its entirety a separate defense on the ground it did not constitute a defense is in its legal effect a demurrer. *Williams v. Journal Co.* (1933), 211 Wis. 362, 247 N. W. 435. This is on the ground that the motion raised the sufficiency of the pleading. The motion to strike the

entire counterclaim in this case, while based on irrelevancy, did not raise the sufficiency of the pleading and was not intended to do so. However, the only reason the counterclaim was irrelevant was the fact it was not pleadable as a counterclaim against the plaintiff, which was also stated in the attached affidavit as a ground for the motion. Such an objection should be taken by demurrer under sec. 263.17 (6), Stats., 30 W. S. A., p. 584. This motion to strike may be considered in legal effect a demurrer on this ground specified in the supporting affidavit. The motion so considered meets the requirements of sec. 263.175, 30 W. S. A., p. 597. We cannot consider only the order to show cause as the entire motion and disregard the annexed affidavit as not being a part of the motion constituting the demurrer.

This demurrer does not permit the court to search the record back to the complaint to see if it is defective. A demurrer to a defensive answer searches the record and gives rise to the question whether the complaint states a cause of action. This was a common-law rule and the rule under the code. *Ferson v. Drew* (1865), 19 Wis. *225; *State ex rel. Madison v. Maxwell* (1937), 224 Wis. 17, 271 N. W. 393; *Friedrich v. Zimmerman* (1941), 238 Wis. 148, 298 N. W. 760. In *Lawe v. Hyde* (1876), 39 Wis. 345, the old rule of a demurrer reaching back to the first effective pleading where the complaint disclosed a want of jurisdiction or failed to state a cause of action was applied to a demurrer to a counterclaim. However, the *Lawe Case* was distinguished in *John v. Maryland Casualty Co.* (1932), 207 Wis. 589, 242 N. W. 201, by pointing out that in the *Lawe Case* the court considered the counterclaim merely as a matter of defense to the cause of action pleaded in the complaint.

In the facts before us the reason for the old rule of searching the record back to the complaint does not exist. The rule arose when answers were defensive and did not contain affirmative matters. The reason a demurrer to an answer

or a counterclaim containing only defensive matters raised the sufficiency of the complaint was if the complaint did not state a good cause of action there was no obligation to defend and it was immaterial whether such answer or counterclaim was good or bad. This reason fails when a demurrer is interposed to a counterclaim alleging an affirmative cause of action, which is now permitted or required under our present practice. For instance, setoffs are required to be pleaded as a counterclaim under sec. 331.13, Stats., 39 W. S. A., p. 453. Certain causes for affirmative relief may be pleaded as cross complaints under sec. 263.15, 30 W. S. A., p. 569. We cannot, therefore, consider the appellant's argument that the complaint was defective because the plaintiff commenced his action before exhausting the administrative remedy provided under ch. 215, Stats., 26 W. S. A., p. 38.

*By the Court.*—Order affirmed.

MARTIN, C. J., and BROWN, J., took no part.