STATE of Wisconsin, EX REL. David M. IUSHEWITZ, Petitioner-Respondent-Petitioner,

v.

The MILWAUKEE COUNTY PERSONNEL REVIEW BOARD, Respondent-Appellant.

Supreme Court

*No. 91–2171–FT. Submitted on briefs March 31, 1993.—Decided June 9, 1993.*

(Also reported in 500 N.W.2d 634.)

For the petitioner-respondent-petitioner there was a brief by *Gerald P. Boyle, Wendy A. Patrickus* and *Gerald P. Boyle, S.C.,* Milwaukee.

For the respondent-appellant there was a brief by *Timothy R. Schoewe,* Deputy Corporation Counsel, Milwaukee.

DAY, J.   This is a review of an unpublished decision of the court of appeals which reversed an order of the Circuit Court for Milwaukee County, Honorable Russell W. Stamper. At issue is the proper procedure to compel an administrative agency to comply with a mandate issued by a circuit court reviewing a case pursuant to a writ of certiorari.

The relevant facts are not in dispute. Milwaukee County Sheriff Richard Artison brought a complaint alleging seven charges of misconduct and requesting the discharge of David M. Iushewitz, a Deputy Sheriff Sergeant in the Milwaukee County Sheriff's Department. After hearings, the Milwaukee County Personnel Review Board (Board) sustained only one allegation. Specifically, the Board found that Iushewitz failed to obey an order of a supervisor to return some computer software. The Board suspended Iushewitz without pay for five and one-half months.

Iushewitz petitioned the circuit court for a writ of certiorari, claiming, among other things, that the suspension was arbitrary, oppressive and unreasonable under the circumstances. The circuit court found the length of the suspension unreasonable and remanded the case to the Board "for a modification of Petitioner's five and one-half (5½) month suspension without pay to a penalty that is reasonable, given the facts of Petitioner's conduct as contained in the record." After a hearing, however, the Board issued a second order affirming the five and one-half month suspension.

Prompted by the Board's refusal to comply with the circuit court's mandate to modify the suspension, Iushewitz filed a motion asking the circuit court to "exercise its superintending jurisdiction in said matter and decide what it feels would be the appropriate discipline . . . ." Even though Iushewitz did not petition for a second writ of certiorari, the circuit court found that it had jurisdiction to rule on the motion, which the court designated "a motion to modify sentence." The circuit court then remanded the matter to the Board for the second time with a directive that the suspension was not to exceed ninety days.

The Board appealed and the court of appeals reversed the circuit court's second order. The court of appeals concluded that the circuit court did not have jurisdiction to review the Board's second order because Iushewitz did not petition for a second writ of certiorari. The court of appeals reasoned that the first petition for certiorari did not vest the circuit court with continuing jurisdiction over the Board and "absent a request for certiorari review from Iushewitz, the circuit court was without jurisdiction to review the Board's second decision."

This court accepted Iushewitz's petition for review. We hold that the circuit court lacked the necessary jurisdiction to review the second order of the Board and therefore affirm the court of appeals.

Milwaukee County Ordinance, Sec. 33.01(2), which established the Board, transfers the duties and responsibilities of the Milwaukee County Civil Service Commission set forth in sec. 63.10, Stats. to the Board. Section 63.10, Stats., which governs disciplinary actions such as the present case, provides that the decision of the Board shall be final. Neither Milwaukee

County Ordinance, sec. 33.01(2) nor sec. 63.10, Stats. provides a procedure for appeal.

■

"It is well established in this state that where there are no statutory provisions for judicial review, the action of a board or commission may be reviewed by way of certiorari." *State ex rel. Johnson v. Cady,* 50 Wis. 2d 540, 549–50, 185 N.W.2d 306 (1971) (citing *State ex rel. Kaczkowski v. Fire & Police Comm,* 33 Wis. 2d 488, 501, 148 N.W.2d 44 (1967)). Since there are no statutory provisions for judicial review of an order of the Board, review must be by way of certiorari. Thus, the circuit court could not properly review the Board's second order without a second writ of certiorari.

Although the circuit court properly reviewed the first order, the first writ of certiorari did not vest the circuit court with continuing jurisdiction. Rather, the first writ merely allowed the circuit court to review the first order. Since the Board issued a second order following remand, the circuit court needed a new writ of certiorari to review that separate order.

This case is analogous to a case where a circuit court refuses to comply with a mandate of this court. After reviewing and remanding a case, this court does not ordinarily maintain continuing jurisdiction over the matter. This court has held that, if a circuit court disregards a mandate of this court on remand, "the sole remedy of the aggrieved party is by original action for mandamus in this court." *M. & M. Realty Co. v. Industrial Comm.,* 267 Wis. 52, 61 (1954). Just as an original action is necessary to compel a circuit court to comply with a mandate from this court, an original action is necessary to compel an administrative agency such as the Board to comply with a mandate issued by a circuit court reviewing a case pursuant to a writ of certiorari.

710

We agree with Iushewitz that the Board should have appealed the circuit court's first decision rather than blatantly disobeying the mandate. Furthermore, we note that Iushewitz could petition for an infinite number of writs of certiorari without a satisfactory result if the Board continues to ignore the circuit court's mandates. While we acknowledge that the filing of a second writ of certiorari would not have guaranteed the Board's compliance with the circuit court's mandate, we do not agree with Iushewitz's claim that his motion to the circuit court was the proper procedure to compel compliance.

A party seeking to enforce a mandate of a court may institute a separate action for a writ of mandamus. The circuit court possesses the discretion to grant a writ of mandamus. *State ex rel. Lewandowski v. Callaway,* 118 Wis. 2d 165, 171, 346 N.W.2d 457 (1984). A party seeking a writ of mandamus must show that: (1) the writ is based on a clear, specific legal right which is free from substantial doubt; (2) the duty sought to be enforced is positive and plain; (3) substantial damage will result if the duty is not performed; and (4) there is no other adequate remedy at law. *Collins v. American Family Mut. Ins. Co.,* 153 Wis. 2d 477, 483–84, 451 N.W.2d 429 (1990).

The issuance of a writ of mandamus is "largely controlled by equitable principles" and "subject to the equitable doctrine of laches." *Elkhorn School Dist. v. E. Troy Dist.,* 127 Wis. 2d 25, 30, 32, 377 N.W.2d 627 (Ct. App. 1985). In order for the defense of laches to apply to a writ of mandamus, "there must be unreasonable delay, lack of knowledge on the part of the party asserting the defense that the other party would assert the

711

right on which he bases his suit, and prejudice to the party asserting the defense in the event that the suit is maintained." *Watkins v. Milwaukee County Civil Service Comm,* 88 Wis. 2d 411, 422–23, 276 N.W.2d 775 (1979).

We do not decide whether Iushewitz would be entitled to a writ of mandamus if he were to petition for such a writ. That would be a matter within the discretion of the circuit court.

■

In conclusion, we hold that the circuit court lacked the necessary jurisdiction to review the Board's second order. We further conclude that, in this type of case, the proper procedure to compel compliance with the circuit court's mandate is by way of mandamus.

*By the Court.*—The decision of the court of appeals is affirmed.

SHIRLEY S. ABRAHAMSON, J. *(dissenting).* The majority opinion states that Mr. Iushewitz mislabeled his papers as a motion in a pending action. He should have, according to the majority, labeled his papers as an original action for a writ of mandamus. The majority opinion tells Mr. Iushewitz that he may continue to assert his rights but he must incur more legal fees to draft new papers and file yet another case in the already overcrowded courts of Milwaukee county.

This opinion puts form over substance. Furthermore, it contravenes sec. 781.01, Stats. 1991–92, which provides that "the remedy available by a writ of mandamus . . . may be granted by the final judgment or allowed as a provisional remedy in an action or proceeding. The use of a writ is not necessary . . . ." The

Judicial Council Note (1981) explains that the purpose of this section is to render the use of the writ procedure unnecessary.

A more common sense approach to this case would be to treat the motion papers as a request for a writ of mandamus. This court has held that "the labeling of a pleading does not determine the nature of the action, but that it is determined by a consideration of all the allegations of the pleading." *Durkin v. Board of Police and Fire Comm.,* 48 Wis. 2d 112, 118, 180 N.W.2d 898 (1970) (quoting *Wesolowski v. Erickson,* 5 Wis. 2d 335, 92 N.W.2d 898 (1958)).

Because I conclude that the motion papers in this case were sufficient to be a pleading for a writ of mandamus invoking the jurisdiction of the circuit court, I dissent.