State of Wisconsin ex rel. David C. Myers,
Petitioner-Appellant,

v.

Judy Smith, Respondent-Respondent.

Court of Appeals

*No. 2008AP911. Submitted on briefs November 25, 2008.
—Decided February 18, 2009.*

2009 WI App 49

(Also reported in 766 N.W.2d 764.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *David C. Myers*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Richard Briles Moriarty*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Anderson, P.J., Snyder and Neubauer, JJ.

¶ 1. SNYDER, J. David C. Myers appeals from an order granting the State's motion to dismiss Myers'

petition for writ of certiorari. Myers, an inmate at Oshkosh Correctional Institution (OCI), sought access to a book that he claims is relevant to his Wiccan beliefs. He now contends that the circuit court improperly dismissed his petition for lack of jurisdiction, improperly made factual findings after it had determined it lacked jurisdiction, and denied him his due process right to discovery. He further contends that WIS. ADMIN. CODE § DOC 309.04(4)(c)8.a. (Dec. 2006)[1] is unconstitutional as applied to him. We affirm the order of the circuit court.

## BACKGROUND

¶ 2. Myers is a practicing Wiccan. While incarcerated at OCI, he ordered a book he describes as a "legitimate spiritual publication" related to his beliefs. The book, titled *Modern Sex Magick: Secrets of Erotic Spirituality,* was deemed pornographic material prohibited under WIS. ADMIN. CODE § DOC 309.04 and OCI refused to give Myers access to the book. Myers lodged a complaint, which an institution complaint examiner (ICE) recommended be dismissed. Warden Judy Smith dismissed the complaint on August 10, 2007. Myers was informed that he could, within ten calendar days, "appeal that decision by filing a written request for review with the Corrections Complaint Examiner on form DOC-405 [WIS. ADMIN. CODE § DOC 310.13]."

¶ 3. Myers appealed and sought review by the corrections complaint examiner (CCE). On August 15, the CCE recommended that Myers' complaint be dismissed, stating in relevant part that the ICE's report "reasonably and appropriately addressed the issue

---

[1] All references to WIS. ADMIN. CODE §§ DOC 309 and 310 are to the December 2006 version.

raised." On August 21, the secretary of the department of corrections (DOC), by his designee, accepted the CCE's recommendation to dismiss Myers' complaint.

¶ 4. While awaiting the secretary's decision on his case, Myers filed a second complaint seeking a redacted copy of the book. He asked if it would "be agreeable to have the alleged pornographic images purged (by white-out, or black-out)" and thereby allow him access to the book. The ICE responded that the issue had been resolved by Myers' prior complaint and dismissed the complaint as "previously addressed."

¶ 5. On September 19, 2007, the circuit court issued a writ, prepared by Myers and addressed to Smith, for the return of record on each of Myers' offender complaints.[2] The DOC complied, filing the record with the court on October 23, 2007.

¶ 6. The circuit court held a hearing on January 23, 2008, and Myers participated by videoconference. After introductory comments, the court narrowed the disputed issue to whether Myers had identified the correct defendant. The court explained that the proper defendant was the secretary of the DOC or the secretary's designee, not Smith. Based on that fact alone, the court concluded it did not have jurisdiction and the petition for writ of certiorari should be dismissed. The court went on to state that if it did have jurisdiction, the issue would have been whether OCI imposed the least restrictive burden on Myers' free exercise of religion. It observed that Myers had pre-

---

[2] Myers made a third complaint, taking offense at Wiccans being placed in the broad category of "pagans," and asserted that Wiccans were not being adequately accommodated by OCI. Although Myers petitioned for writ of certiorari review regarding the dismissal of all three of his complaints, he does not address this issue in his appeal.

sented nothing to indicate that the book was necessary to the practice of the Wiccan faith. Because there was no basis for Myers' assertions, the court concluded that had it not dismissed for lack of jurisdiction, it would have held the petition to be frivolous. Myers moved for reconsideration, but the court determined that he had asserted insufficient grounds for taking up the matter again.

¶ 7. On March 19, 2008, the circuit court entered a written final order that quashed and dismissed the writ. The court's order states in relevant part:

> 3. The court, however, has further considered this matter *sua sponte* and determined that it is appropriate to simply dismiss the Petition rather than enter further orders regarding the addition of time to Petitioner's sentence. While the court confirms the validity of the findings made during the hearing that the Petition was frivolous and filed solely for harassment purposes, it enters no order, beyond dismissal of the Petition, based on those findings.

> 4. The court finds that Petitioner named, as the only respondent, the warden for Oshkosh Correctional Institution and failed to properly invoke the jurisdiction of the court, since the proper Respondent would have been the Secretary of the Wisconsin Department of Corrections.

Myers appeals.

## DISCUSSION

¶ 8. Myers first contends that the circuit court erred when it made findings after it had determined it had no jurisdiction to hear the petition. He also asserts that his due process right to discovery was stifled when the State would not produce the file so that he could

prepare his arguments. Finally, he argues that the administrative code section prohibiting the distribution of pornography to inmates is unconstitutional as applied to him. Notably, Myers fails to address the circuit court's rationale for dismissing the writ—that is, jurisdiction. We begin there.

¶ 9. The question is whether Myers' naming of Smith in his petition was sufficient to confer jurisdiction upon the circuit court. Whether a writ of certiorari is misdirected, and thus insufficient, is a question of law inviting our de novo review. *See State ex rel. Grzelak v. Bertrand*, 2003 WI 102, ¶ 7, 263 Wis. 2d 678, 665 N.W.2d 244.

¶ 10. We begin by observing that certiorari "is available only for the purpose of reviewing a final determination." *Id.*, ¶ 12. The writ must be directed "to the board or body whose acts are sought to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject-matter or of the persons composing such board or body." *State ex rel. Kulike v. Town Clerk of Town of Lebanon, Dodge County*, 132 Wis. 103, 105, 111 N.W. 1129 (1907). The final decision-making authority for an inmate complaint is identified by reference to the administrative code provisions.

¶ 11. The inmate complaint review system (ICRS) requires certain procedures be followed to obtain review of unfavorable decisions by corrections personnel. The multi-step process is set forth in Wis. Admin. Code § DOC 310.07. First, § DOC 310.07(1) directs the inmate to file a complaint. Next, § DOC 310.07(2) describes the ICE's options in dealing with a complaint. Third, § DOC 310.07(3) states that the appropriate reviewing authority will make a decision. Section DOC

310.07(4) then explicitly provides that an inmate may appeal an adverse decision under §§ DOC 310.11(6) or 310.13. Finally, under § DOC 310.07(6) and (7), the CCE is to investigate and make a recommendation to the secretary, who shall then review the CCE's report and make a decision. Thus, the DOC secretary is the final decision maker on an inmate complaint initiated under the ICRS.

¶ 12. We understand that, particularly for a pro se appellant, some sections of the administrative code may be difficult to navigate. Myers, however, appears to have followed the procedures and obtained a final determination by the secretary's designee as envisioned by the code. He initiated a complaint using the ICRS, he was dissatisfied with the ICE's determination, he sought review, a CCE reviewed the determination and recommended that the secretary approve the decision, and the secretary[3] adopted the CCE's recommendation. Myers has not made, nor could he reasonably support, an argument that he did not know the final decision maker was the secretary. Accordingly, we affirm the order of the circuit court, which dismissed the petition for lack of jurisdiction because the writ was misdirected. *See Kulicki,* 132 Wis. at 105; *Grzelak,* 263 Wis. 2d 678, ¶ 12.

¶ 13. Myers also complains that the circuit court improperly made findings of fact after it had concluded it was without jurisdiction in the matter. Specifically, Myers takes issue with the following comments by the circuit court:

---

[3] The secretary, by his designee, accepted the recommendation of the CCE.

[L]et's assume for the sake of argument that the petitioner did sue the correct party. The issue becomes did the government impose the least restrictive burden upon the plaintiff's free exercise of religion. The court would have to weigh the institutional need to maintain order, safety, and rehabilitation versus the plaintiff's religious needs . . . .

[T]he plaintiff in this case raises absolutely no arguments whatsoever or gives the court any information whatsoever as to why this book would be a necessity in the Wiccan faith.

. . . .

Therefore . . . even if [Myers] did sue the correct party, which he didn't, I would find that there was . . . absolutely no basis whatsoever for this action and, therefore would find that the action is frivolous . . . .

The court went on to state that had that been the case, it would have drafted an order directing the DOC to inform the sentencing court for a possible extension of Myers' sentence.

¶ 14. Myers offers no authority for his proposition that the circuit court's comments were grounds for reversal. Under Myers' theory, a litigant could file frivolous and harassing lawsuits over which a circuit court had no jurisdiction and the court would be without any authority to impose sanctions. That is contrary to the law. *See, e.g., Bulik v. Arrow Realty, Inc.*, 154 Wis. 2d 355, 359, 453 N.W.2d 173 (Ct. App. 1990) (failure to name proper defendant did not deprive the court of personal jurisdiction over plaintiff to impose sanctions); *Int'l Shipping Co. v. Hydra Offshore, Inc.*, 875 F.2d 388, 393 (2d Cir. 1989) (affirming sanctions against attorney for bringing jurisdictionally defective

complaint). A circuit court may impose a penalty on a prisoner for certain actions, including abuse of the judicial process. Specifically, under WIS. STAT. § 807.15(2) (2005–06),[4] a court may order the DOC to extend the prisoner's mandatory release date or eligibility for release to extended supervision if the prisoner abuses the judicial process. It bears noting here that the court did not impose a § 807.15 penalty; therefore, Myers' circumstances remained unchanged despite the court's remarks.

¶ 15. Finally, Myers asserts that his right to due process discovery was violated when the DOC prohibited him from seeing the book so that he could prepare his arguments. Essentially, Myers attempts to bypass WIS. ADMIN. CODE § DOC 309.04(4)(c)8.a., and employ discovery strategies to obtain a book which the DOC properly refused him. The corrections code states in relevant part:

> [T]he department shall apply the following restrictions to all inmate correspondence:
>
> . . . .
>
> (c) The department may not deliver incoming or outgoing mail if it does any of the following:
>
> . . . .
>
> 8. Is "injurious", meaning material that:
>
> a. Is pornography.

*Id.*

---

[4] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 16. Inmates must not be allowed to evade security restrictions by simply filing suit or petitioning for writ of certiorari and obtaining prohibited materials through discovery. Due process does not mean that a prisoner has an absolute right to everything relevant to his or her case. *See Bell v. Wolfish,* 441 U.S. 520, 545–46 (1979) (lawful incarceration necessitates the withdrawal or limitation of many rights). "There must be a 'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.'" *Id.* at 546 (citation omitted). Materials banned to further legitimate penological interests are properly withheld. *See Aiello v. Litscher,* 104 F. Supp. 2d 1068, 1075 (W.D. Wis. 2000). Myers' right to due process was satisfied when an independent entity, here the circuit court, reviewed whether the DOC decision to deny him access to the book was arbitrary and capricious. *Cf. George v. Smith,* 467 F. Supp. 2d 906, 921 (W.D. Wis. 2006) *aff'd,* 507 F.3d 605 (7th Cir. 2007) (No. 07–1325) (where in camera inspection by court confirmed DOC decision was neither arbitrary nor irrational when it banned material as prohibited gang-related publication).

¶ 17. Myers also raises the constitutionality of Wis. Admin. Code § DOC 309.04(4)(c)8.a. as applied to him. He dedicates one sentence to the issue in his appellate brief. He offers no argument in his reply brief, despite the State's assertion that his position on this issue is underdeveloped. Although we at times accord some leniency to pro se appellants, we decline to develop an argument in its entirety on Myers' behalf. *See State v. Pettit,* 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct.

App 1992) (we may decline to review an issue inadequately briefed).

## CONCLUSION

¶ 18. Myers misdirected his petition to Smith and, in doing so, deprived the circuit court of jurisdiction. Furthermore, no error occurred when the court concluded that Myers' litigation was frivolous, but refrained from ordering sanctions under WIS. STAT. § 807.15. Finally, Myers cannot circumvent security policies regarding injurious materials by demanding discovery of a prohibited book. We affirm the order of the court.

*By the Court.*—Order affirmed.