PER CURIAM.
¶1 Carlos A. Abadia appeals the circuit court's order affirming the Wisconsin Parole Commission's decision. Abadia argues: (1) the Commission's decision was arbitrary; (2) the circuit court erred because it did not retain jurisdiction when it remanded this matter to the Commission; (3) the Commission's decision after remand was arbitrary; and (4) his risk rating was improperly increased from low to moderate based on the Commission's decision. We affirm.
¶2 Abadia is serving forty years in prison for sexually assaulting three women. He became eligible for parole in 2004. Abadia's parole has been repeatedly deferred. In April 2016, the Commission deferred Abadia's parole for twelve months, even though the year before it deferred his parole for only nine months. Abadia petitioned for certiorari review of the Commission's decision. He did not challenge the denial of his parole; rather, he challenged the increase of his deferral period. The circuit court concluded that the Commission acted arbitrarily when it did not explain why the same facts that earlier justified a nine-month deferral now merited a twelve-month deferral. The circuit court remanded to the Commission for further explanation. Abadia filed a notice of appeal, seeking this court's review of the circuit court decision. While this appeal was pending, the Commission issued a decision on remand, explaining in more length why it deferred Abadia's parole for twelve months. Abadia did not seek certiorari review of the Commission's decision after remand.
¶3 We review the decision of the Commission, not the circuit court. See Richards v. Graham , 2011 WI App 100, ¶5, 336 Wis. 2d 175, 801 N.W.2d 821. An inmate seeking to overturn a decision of the Commission has the burden of showing that: (1) the Commission acted outside its jurisdiction; (2) the Commission acted unlawfully; (3) the Commission's decision "was arbitrary, oppressive or unreasonable and represented its will and not its judgment"; or (4) the evidence was not sufficient for the Commission to reasonably make the determination that it made. Id.
¶4 Abadia first argues that the Commission's decision was arbitrary because it prejudged his case. This issue is moot because the Commission issued its decision after remand while this appeal was pending. " 'An issue is moot when its resolution will have no practical effect on the underlying controversy.' " McFarland State Bank v. Sherry , 2012 WI App 4, ¶9, 338 Wis. 2d 462, 809 N.W.2d 58 (citation omitted). The general rule is that we will not consider issues that are moot, and we see no reason to deviate from that general rule here. See id. , ¶8. Because Abadia's challenge to the Commission's initial decision will not have practical effect, we decline to consider the issue further.
¶5 Abadia next argues that the circuit court erred because it did not retain jurisdiction when it remanded to the Commission. There is no case law or statute that requires the circuit court to retain jurisdiction in this situation. Moreover, circuit courts routinely remand to agencies without retaining jurisdiction. See , e.g. , State ex rel. Iushewitz v. Milwaukee Cty. Pers. Review Bd. , 176 Wis. 2d 706, 710, 500 N.W.2d 634 (1993) ; State ex rel. Lomax v. Leik , 154 Wis. 2d 735, 741, 454 N.W.2d 18 (Ct. App. 1990). Therefore, we reject Abadia's argument.
¶6 Abadia next argues that the Commission's decision after remand was arbitrary. Abadia did not petition the circuit court for certiorari review of the Commission's decision after remand. Abadia's petition for certiorari review of the Commission's initial decision "did not vest the circuit court with continuing jurisdiction." See State ex rel. Iushewitz , 176 Wis. 2d at 710 (stating that a petition for certiorari review does not vest a circuit court with continuing jurisdiction after remand). Abadia was required to file a second petition for writ of certiorari following remand if he wanted the circuit court to review that separate order. See id. (circuit court cannot review an agency decision after remand without a second petition for writ of certiorari). Because Abadia did not file a second petition for certiorari review, the merits of the Commission's second decision are not before us.
¶7 Finally, Abadia argues that the Program Review Committee improperly raised his risk rating from low to moderate based on the increased number of months his parole decision was deferred, causing him to lose privileges. These assertions are not properly before us. Custody classification issues may not be raised in this certiorari proceeding challenging Abadia's parole deferral. See State ex rel. Myers v. Smith , 2009 WI App 49, ¶10, 316 Wis. 2d 722, 766 N.W.2d 764. Abadia must challenge his classification through the inmate complaint review system. See id. , ¶11.
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.